[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Frederick W. Young and Audrey A. Young from the assessment of damages in the amount of $2300 paid by the defendant for the partial taking by eminent domain on August 29, 1988, of their property situated on the southerly side of and known as 317 Chapel Road, in the Town of South Windsor, for the layout, alteration, extension, widening, change of grade and improvement of the highway.
The plaintiffs' property before the taking consisted of a T-shaped parcel of land containing 4.81 acres with a frontage on Chapel Road of 212.10 feet and a depth of about 524 feet. The site was improvement with a one-story concrete block industrial building containing office and shop areas having a total of 10,400 square feet. The front yard was beautifully landscaped with a well-maintained lawn, shrubbery, ornamental tree, decorative fieldstone boulder and flagpole. An underground sprinkler system was built into the lawn. The rear yard has utilized for the parking and storage of vehicles and heavy equipment belonging to the roofing and crane companies occupying the premises.
The portional of the plaintiffs' land then is bounded: Northerly Chapel Road, 212.10 feet; Easterly by land now or formerly of Clayton D. Mather et al., 6 feet; Southerly by the "Taking Line" as shown on the map hereinafter referred to, 213 feet, more or less; and Westerly by land now or formerly of Douglas J. King. Sr., 4 feet.
Said parcel contains 0.022 of an acre, more or less, and was taken together with all appurtenances, all of which more particularly appears on a map entitled: "Town of South Windsor, Map Showing Land Acquired from Frederick. Young et al. by The State of Connecticut, Reconstruction of Chapel Road, Scale 1"=40', October 1987, Robert W. Gubala Transportation Chief Engineer — Bureau of Highways." (132-89-9). CT Page 1117
Said premises were taken together with the following easement and right upon portions of the plaintiffs' remaining land:
(1) A full and perpetual easement to slope for the support of the highway within an area of 0.008 of an acre, more or less, located between and opposite approximate Stations 20+29 and 20+41 right, Base Line present Chapel Road, as more particularly shown on said map.
(2) A right to grade within an area of 0.029 of an acre, more or less, located between and opposite approximate Stations 20+41 and 21+98 right, Base Line present Chapel Road, as more particularly shown on said map. Said right shall terminate automatically upon completion of said work by the State of Connecticut.
The subject property is located in an Industrial Zone. Permitted uses within this zone include a wide variety of manufacturing, processing, warehousing, wholesaling, office and other similar uses The minimum front yard required is 35 feet. The building before the taking was located 40 feet from the highway. There is no evidence to show that the building, does not conform to the front yard requirement after the defendant's taking.
Before the taking the subject property contained acres of land. The taking consisted of 0.022 of an acre along the entire frontage of 212.10 feet on Chapel Road, ranging from 6 feet in width at the eastern edge property to 4 feet at the western edge. Also acquired was an easement to slope encompassing 0.008 of an acre and a temporary right to glade encompassing 0.029 of an acre.
After the taking by the defendant the remainder of the subject site contained 4.788 acres, encumbered with an easement over 0.008 of an acre and a temporary right to grade 0.029 of an acre. Incident to this taking one underground automatic lawn sprinkler and connecting piping will be removed. Additionally, the aesthetics and appearance of the front lawn will be diminished by the necessary removal or relocation of shrubbery and the huge ornamentally lawn boulder.
Both parties are in agreement, and the court so finds, that the highest and best use of the subject property is for the continuation of its present industrial use.
The appraiser, for the plaintiffs and the defendant utilized the sales comparison approach in their estimates of damage caused by the taking. Each appraiser, however, found different comparable sales. Based on his analysis of the comparable sales, the plaintiffs' appraiser estimated the land value at $130,000 per acre, or $3.00 per square foot. By this computation, the land value before the taking was estimated at $628,500. An additional contributory value of $1850 was estimated for the site improvements damaged by the taking as follows: $1500 for shrubbery and the decorative fieldstone boulder and $350 for the underground lawn sprinkler and automatic control. Total value of the subject land before the taking, therefore, was appraised CT Page 1118 at $630,350.
After the taking 4.78 acres were unencumbered. This land was valued at the same measure of $3.00 per square foot as before the talking for an estimate of $624,650. The slope area of 0.008 of an acre was valued at $1.50 per square foot for a total of $500. The indicated value of the subject property by the plaintiffs' appraiser after the taking was rounded to $625,000. In addition, the plaintiffs' appraiser valued the temporary right to grade 0.029 of an acre at $650. Based on these computations by their appraiser, the plaintiffs claim damages in the amount of $6000.
Utilizing, his comparable sales, the defendant's appraiser valued the land before and after the taking at $1.26 per square foot. At this unit value, the 4.81 acres before the taking was estimated to have a fair market value of $263,999.74. The hedges, ground covering and decorative boulder contributed an additional value of $750. The value of one underground, sprinkler head, together with trenching, piping and backfill, was estimated at $225. By these calculations, the defendant's appraiser estimated the total value before the taking to be $264,975.
The after taking value of 4.78 acres was determined to be $262,353.17. The slope easement area of 0.008 of an acre was valued at 75% of $1.26 per square foot for a total estimate of $329.31. No monetary consideration was allowed for the temporary right to grade 0.029 of an acre. By these computations, the defendant's after taking valuation was estimated to be $262,680 and the plaintiffs' damages here determined to be $2300, the amount previously paid by the defendant.
It is the charge of this court to make an independent determination of value and fair compensation for the property taken in the light of all circumstances the evidence, the opinions of the expert witnesses, knowledge of the elements that establish value and a viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 383, 388
(1989). In performance of this duty, I find that the before taking value of the subject property was $630,000, and that the after taking value is $624,000. Damages, therefore, are assessed at $6000.
Judgment may enter for the plaintiffs in the amount of $6000, less $2300 already paid, or an excess of $3700, with interest on such excess from the date of taking to the date of payment, together with costs, and a reasonable appraisal fee of $1000.
WILLIAM C. BIELUCH, STATE TRIAL REFEREE